UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **AL SHEHAB, et. al.,** | : | Civil Action No. 15-279 (KM) |
| **Plaintiffs,** | : | |
| v. | : | **REPORT & RECOMMENDATION** |
| **NEW JERSEY TRANSIT CORP., et al.,** | : | |
| **Defendants.** | : | |

**CLARK, United States Magistrate Judge**

This matter comes before the Court upon Plaintiffs Sayeed Al Shebab and Fatima Yasmeen's ("Plaintiffs") Motion to Remand this matter to state court. (Dkt. No. 3). Defendants New Jersey Transit Corp. ("NJ Transit"), P.O. Gomez ("Gomez"), Det. Tropeano ("Tropeano"), P.O. Toni Cruz ("Cruz"), Sgt. Imperiale ("Imperiale") (collectively "Defendants") did not file any opposition to Plaintiffs' motion. Pursuant to Local Civil Rule 72.1(a)(2), the Honorable Kevin McNulty, U.S.D.J., referred the Motion to the Undersigned for Report and Recommendation. The Court having considered the arguments submitted in support of the motion, for good cause shown and for the reasons set forth herein, it is respectfully recommended that Plaintiffs' Motion to Remand be **GRANTED**.

**I.   BACKGROUND**

On or about December 9, 2014, Plaintiffs filed the instant action in the Superior Court of New Jersey, Hudson County, asserting common law claims for false arrest, unlawful imprisonment, malicious prosecution, constitutional rights violations under the United States and New Jersey Constitutions, and a cause of action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1, Compl., Ex. A). On January 22, 2015, Defendants removed the matter to this Court on the

1

basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (Dkt. No. 1).  With the Defendants' consent, Plaintiffs filed an Amended Complaint on February 10, 2015, which eliminated the civil rights violation under the United States Constitution and the claim under 42 U.S.C. § 1983, and asserted a new common law cause of action for negligent hiring, training and supervision.  (Dkt. Nos. 2, 4).  On February 12, 2015, Plaintiffs filed the instant Motion to Remand.  Defendants did not file any opposition to this motion.

## II.     DISCUSSION

The Third Circuit has held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citing *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)).  Section 1447(c) of Title 28 of the United States Code states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. 1447(c).  Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand."  *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citing *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987)).

Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware Cnty.*, 983 F.2d 1277, 1284-85 (3d Cir. 1993).  In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial

economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc.*, 983 F.2d at 1284 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 233 (3d Cir. 1995) ("In deciding whether to remand, the district court should consider what best serves the principles of economy, convenience, fairness, and comity."). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers*, 383 U.S. at 726; *Growth Horizons, Inc.*, 983 F.2d at 1284-85; *Pachecho v. Rosenberg*, No. 12-4513, 2013 U.S. Dist. LEXIS 19272 (D.N.J. Feb. 13, 2013); *Yan v. Franklin Credit Mgmt. Co.*, No. 13-1273, 2013 U.S. Dist. LEXIS 83686, at *6 (D.N.J. June 14, 2013); *Coleman v. P.S.E.G. Co.*, No. 05-1894, 2005 U.S. Dist. LEXIS 27816 (D.N.J. Nov. 15, 2005).

Plaintiffs contend that the balance of judicial economy, convenience, fairness and comity weighs in favor of remanding the case to state court because the matter is in its early stages, Plaintiffs' claims require analysis under the New Jersey Constitution, and Plaintiffs' claims allege misfeasance by public state actors. (Dkt. No. 3-1, at 7-8). Defendants do not oppose Plaintiff's Motion to Remand. The Court notes that this case is in its infancy, as Defendants have not yet filed an Answer, the parties have not yet exchanged discovery, and there are no other pending applications or motions before the Court. The remaining claims in Plaintiffs' Amended Complaint arise under common law. Because the federal claims in Plaintiffs' Complaint have been removed, the Court should decline to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). There is no indication that maintaining the action here would promote the parties' interests in convenience or fairness.

3

Remand, on the other hand, would serve the goals of judicial economy and comity by allowing the New Jersey Superior Court to apply New Jersey law.

### III. CONCLUSION

In light of the foregoing, and the Court having considered this matter pursuant to FED. R. CIV. P. 78;

**IT IS** on this 15th day of June 2015,

**RECOMMENDED** that Plaintiff's Motion to Remand be **GRANTED**.

The parties are advised that they may file any objections within 14 days of the date of this Order pursuant to FED. R. CIV. P. 72(b)(2).

    s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**